## MATTER OF JUE

### In Visa Petition Proceedings

### A-17167940

*Decided by Board June 20, 1967*

The requirement of Article 1074 of the Civil Code of the Republic of China providing that a married person, in order to adopt a child, must do so jointly with his/her spouse, is satisfied for immigration purposes where the record establishes that the male spouse in the United States (petitioner's husband) ratified the adoption of a child (beneficiary) during infancy in China in 1948 by his wife (petitioner), such ratification having occurred before the 14th birthday of the adopted child.

ON BEHALF OF PETITIONER: Albert C. Lum, Esquire
Suite 203
1011 North Broadway
Los Angeles, California 90012
(Brief filed)

The case comes forward on appeal from the order of the District Director, Los Angeles District, dated March 22, 1967 denying the visa petition for the reason that Article 1074 of the Chinese Civil Code provides that where a married person adopts a child he must do so jointly with his spouse; the failure to comply with the requirements of the law of the locus where the relationship occurred precludes a finding that the beneficiary is the child of the petitioner.

The petitioner, a native of China, a naturalized citizen of the United States, seeks immediate relative status on behalf of the beneficiary as her adopted child. The beneficiary is a native and citizen of China, born October 9, 1948, male.

A sworn statement was taken from the petitioner's husband, Jue, Bing Yin, on December 3, 1962 in connection with an investigation relating to his true identity and immigration status. He confessed that he was originally admitted to the United States on September 25, 1938 at San Pedro, California as Jew Dauk Hop, the son of Jew See Tong, a United States citizen but to whom he was not related. The husband testified his wife, the petitioner, came to the United States more than three years previously as a United States citizen. He testified that he

had one adopted son, Jew, Wing Art, who was adopted when he was about two or three years old. He did not know where the son was adopted because his wife had adopted him. The husband was questioned regarding his claim on May 27, 1949 that he was the father of two sons, Jew, Wing Gong and Jew, Wing Art and explained that the former was his grandson and the latter, Jew, Wing Art, was the same boy he and his wife had adopted.

A sworn statement was taken from the petitioner on November 17, 1964, reference being made to her previous sworn statement on December 11, 1962. The petitioner was admitted to the United States at Honolulu, Hawaii on December 24, 1958 as a nonquota immigrant based on an approved visa petition submitted in her behalf by her husband. She stated she claimed Jue, Wing Gong as an adopted son and Jue, Wing Art, who was really her adopted son, as her true son. The petitioner's statement dated December 11, 1962, taken in connection with an investigation into her status, discloses that she stated she had an adopted son Jue Wing Art, born in 1948 and adopted when he was two years of age. The petitioner's application for an immigrant visa executed on November 19, 1958 confirms that she listed Jue Wing Gong (Kwong) as an adopted son and Jue Wing Art as a son.

The file also contains a statutory declaration of Tse, Yuet Wah, executed January 4, 1967, which states that the affiant is well acquainted with the couple, Jue, Bing Yin and his wife, Pon, Yue Sang because they were fellow villagers when in China. To the best of the knowledge, information and belief of the affiant, the couple had no blood children but an adopted son, Jew Wing Art (or Chow, Wing Tat), age 18, who was born on October 9, 1948 at Sheuck Bin (Share Bin) Village, Yin Wah (Yan Wo) Heung, of Hoiping District; his blood parents were Hoo, Lin and Chin See, both now deceased. The affiant personally attended the adoption on October 26, 1948 at Wing On Village, in the presence of the blood parents of the adopted son, the adoptive mother, and the go-between, Chau Hoo, Chui Kam, the witnesses and some of the fellow villagers. The affiant stated the adoption was effected by a writing, signed by both parties, the go-between, and the witnesses, said to be lost in China; that the adopted son was named Jue, Wing Art at the adoption, and he had been living with his adoptive mother, Pon, Yue Sang, until the adoptive mother left for the United States from Hong Kong in December of 1958.

The record establishes that the petitioner adopted the beneficiary in China when he was an infant under seven years of age, thus satisfying the requirement of Article 1079 of the Chinese Civil Code.[1] There-

---

[1] See *Matter of K—B—W—*, 9 I. & N. Dec. 610, 612.

after the beneficiary resided with the petitioner until she left for the United States in 1958 thus complying with the residence and custody requirements of section 101(b)(1)(E) of the Immigration and Nationality Act.[2]

Article 1074 of the Civil Code of the Republic of China provides that for a married person to adopt a child, he must do so jointly with his spouse. The Far Eastern Law Division of the Library of Congress has supplied information to the effect that the Repblic of China, year 35 (1946) Judicial Yuan Interpretation No. 3120 states that where a married person adopts a child, and does not do so with his or her spouse, the adoption may be annulled by the courts; however, the adoption is not void in itself.[3]

The husband of the petitioner ratified the adoption at least by 1962. There is evidence that the petitioner's husband knew of and ratified the adoption of the beneficiary since May 27, 1949 when he claimed that he was the father of two sons, Jew, Wing Gong and the beneficiary. He testified in December 1962 that the beneficiary was the same boy he and his wife had adopted. Obviously, there was ratification by the husband prior to the beneficiary's 14th birthday.

The requirement in Article 1074 of the Chinese Civil Code that there must be a joint adoption by both spouses does not compel a finding that the adoption is void in itself, but if subsequently ratified or consented to, the adoption may be considered valid. Even applying the provisions of section 101(b)(1)(E) of the Immigration and Nationality Act to this case, the petitioner has established that her husband consented to the adoption prior to the beneficiary reaching the age of 14 years.[4] Upon a full consideration of all the evidence establishing a valid infancy adoption by the petitioner, residence and custody with the adoptive mother for more than two years, consent and ratification by the adoptive father prior to the beneficiary reaching the age 14 years, it is concluded that the petitioner has borne the burden of establishing that the beneficiary is her adopted child. The visa petition will be approved.

ORDER: It is ordered that the visa petition be and the same is hereby approved.

---

[2] *Matter of Y—K—W—*, 9 I. & N. Dec. 176.

[3] See unreported *Matter of Wong*, A-13852653 (May 3, 1965); also unreported *Matter of Chan*, A-13942857 (10/18 and 12/30/65).

[4] Cf. *Matter of Lau*, 10 I. & N. Dec. 597.